**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ODELL PEOPLES, JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v** | ) | **2:10-cv-1408** |
| | ) | |
| **SHERLINDA PAMPLIN and THE COURT OF** | ) | |
| **COMMON PLEAS, FAMILY DIVISION,** | ) | |
| **ADULT SECTION,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Plaintiff Odell Peoples, Jr. ("Mr. Peoples") has filed a pro se, handwritten Complaint

which seeks to enforce his rights as a father. Pending before the Court is the MOTION OF

DEFENDANT ALLEGHENY COUNTY COURT OF COMMON PLEAS, FAMILY

DIVISION, ADULT SECTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 9).

The Allegheny County Court of Common Pleas, Family Division, Adult Section (hereafter "the

Court of Common Pleas") filed a brief in support of its motion (Document No. 10), and Plaintiff

has filed a brief in opposition to the motion entitled "My Argument" (Document No. 16). Thus,

the motion to dismiss the Complaint filed by the Court of Common Pleas is ready for decision.

Also pending are several motions filed by Plaintiff: the MOTION FOR TRIAL BY

JURY (Document No. 2); the MOTION TWO (#2) TO ADD-ON OTHER DEFENDANT

(Document No. 11); MOTION THE THIRD (#3) TO CORRECT THE MOTION ON TRIAL

BY JURY (Document No. 12); MOTION FOUR (#4) CONFLICT OF INTEREST (Document

No. 13); MOTION FIVE (#5) FEMALE DEFENDANT HAVE SEPARATE COUNSEL

(Document No. 14); and MOTION SIX (#6) MOTION TO PROCEED TO TRIAL WITH JURY

(Document No. 15). Neither Defendant has responded to these motions. Defendant Sherlinda

Pamplin ("Ms. Pamplin") has not appeared or responded to this lawsuit in any way.

1

<u>Factual Background</u>

The Complaint alleges that Mr. Peoples and Ms. Pamplin are both residents of Pennsylvania. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The Complaint alleges that Mr. Peoples is the father of Malika Deja Peoples, born on May 17, 1998. In December 1999, Ms. Pamplin filed a child support case against Mr. Peoples in the Court of Common Pleas. In August 2002, an Order of Court for child custody was filed by Ms. Pamplin against Mr. Peoples in the Court of Common Pleas. On Christmas day, 2009, Plaintiff delivered a new computer as a Christmas gift to his daughter, but did not see her.

The Complaint does not identify a specific cause of action, although it refers to "the unwarranted pursuance of the defendants to prosecute the Plaintiff," slander and defamation. As relief, Plaintiff would like the Court of Common Pleas to enforce child custody orders; he wants Ms. Pamplin to follow the child custody order; he would like his "human rights of Fatherhood" to be followed; and he seeks damages. In his argument, Mr. Peoples explains that his fatherhood has been tarnished by the way he is looked at by his child. This situation allegedly stems from a conversation in 1999, in which Plaintiff told Ms. Pamplin that he could take care of her and the child and Ms. Pamplin replied "No." Plaintiff explains that it is very important for his child to know that he is in her life. Plaintiff asks for this Court to uphold all his privileges of fatherhood, and contends that Ms. Pamplin's 1999 lawsuit for child support was unwarranted.

<u>Legal Analysis</u>

As an initial matter, this Court has a duty to ensure that it may properly exercise subject-matter jurisdiction. In *Mayercheck v. Judges of Pennsylvania Supreme Court,* Slip Copy, 2010 WL 3258257 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit recently

reaffirmed the validity of the "domestic relations exception," which divests federal courts of jurisdiction over cases "involving the issuance of a divorce, alimony, or child custody decree." *Id*. at *2. It is clear that this case involves enforcement of a child custody order and this Court lacks authority to exercise jurisdiction over such a dispute. Mr. Peoples must seek such relief from and/or enforcement of the child custody order in the Court of Common Pleas of Allegheny County, Pennsylvania.

Even if the Court interpreted the Complaint to assert a claim for the alleged violation of his rights under the United States Constitution, it would still lack jurisdiction. The Court of Common Pleas is entitled to immunity from suit by private parties (such as Mr. Peoples) in federal court. In *Mayercheck*, the Court of Appeals explained that the Eleventh Amendment to the United States Constitution has been interpreted "to make states generally immune from suit by private parties in federal court." *Id*. at *3 (citing *MCI Telecomm. Corp. v. Bell Atl. Pa.,* 271 F.3d 491, 503 (3d Cir. 2001)). The Pennsylvania Courts of Common Pleas are part of a unified judicial system that is an agency of the Commonwealth of Pennsylvania, and therefore, the Court of Common Pleas is entitled to sovereign immunity. *Id*. (citing *Callahan v. City of Phila*., 207 F.3d 668, 672 (3d Cir. 2000)). *See also* Defendant's Brief (citing *Callahan* for the proposition that the Court of Common Pleas is not a "person" amenable to suit under Section 1983). The same analysis would apply to Plaintiff's effort to add the "Fifth Judicial Court" as a Defendant. Thus, this Court lacks jurisdiction over Plaintiff's claims against the Court of Common Pleas.

The Complaint fails to state any cognizable federal constitutional claims against Ms. Pamplin. In order to state a cause of action under Section 1983 for an alleged violation of his constitutional rights, a plaintiff must allege that the defendant was a "state actor." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). As Mr. Peoples explained in Motion Four

"Conflict of Interest," Ms. Pamplin is not an employee of the Court of Common Pleas and "does not have any affiliation with" that court.  In other words, Ms. Pamplin is not a "state actor," and therefore, Plaintiff cannot establish a claim against her under Section 1983 for a violation of his rights under the United States Constitution.

Plaintiff has cited only to the Court's jurisdiction pursuant to 28 U.S.C. § 1331 over federal questions.  To the extent that Plaintiff is attempting to assert claims for unjust prosecution, slander and/or defamation, such claims arise under Pennsylvania state law, rather than federal law.  Because all the parties are residents of Pennsylvania, the Court may not exercise "diversity" jurisdiction pursuant to 28 U.S.C. § 1332 over such Pennsylvania law claims.

In summary, the Court appreciates Plaintiff's efforts to exercise his parental rights, but the Court lacks subject-matter jurisdiction over this case.  Mr. Peoples must seek to enforce any child custody order in the Court of Common Pleas of Allegheny County, Pennsylvania.  The Court of Common Pleas has sovereign immunity from Plaintiff's claims in federal court under the Eleventh Amendment to the United States Constitution.  Moreover, it is clear that Plaintiff cannot succeed on a Section 1983 civil rights claim against Ms. Pamplin, because she is not a "state actor."  Thus, the Complaint fails to state a valid "federal question" claim upon which relief may be granted.  The Court may not exercise "diversity jurisdiction" over claims arising under Pennsylvania law because the parties are all citizens of Pennsylvania.  Accordingly, the Complaint will be dismissed.

<u>Leave to Amend Complaint</u>

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Under the facts and circumstances of this case, the Court concludes that leave to amend the Complaint will not be granted. Such amendment would be futile. There is no apparent basis by which Plaintiff could overcome the jurisdictional and/or substantive obstacles that prevent him from stating a cognizable claim.


<u>The Remaining Motions</u>

In light of the Court's conclusion that the Complaint fails to state a valid claim and must be dismissed, the MOTION FOR TRIAL BY JURY (Document No. 2); the MOTION TWO (#2) TO ADD-ON OTHER DEFENDANT (Document No. 11); MOTION THE THIRD (#3) TO CORRECT THE MOTION ON TRIAL BY JURY (Document No. 12); MOTION FOUR (#4) CONFLICT OF INTEREST (Document No. 13); MOTION FIVE (#5) FEMALE DEFENDANT HAVE SEPARATE COUNSEL (Document No. 14); and MOTION SIX (#6) MOTION TO PROCEED TO TRIAL WITH JURY (Document No. 15). will be **DENIED AS MOOT**.


An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ODELL PEOPLES, JR.,** )<br>                    **Plaintiff,**   )<br>                                )<br>              **v**              )   **2:10-cv-1408**<br>                                )<br>**SHERLINDA PAMPLIN and THE COURT OF**  )<br>**COMMON PLEAS, FAMILY DIVISION,**      )<br>**ADULT SECTION,**                      )<br>                    **Defendants.**   )<br>                                ) | |

**ORDER OF COURT**

AND NOW, this 9th day of December, 2010, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION

OF DEFENDANT ALLEGHENY COUNTY COURT OF COMMON PLEAS, FAMILY

DIVISION, ADULT SECTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 9)

is **GRANTED**.  The Complaint is dismissed with prejudice, without leave to amend.  The clerk

shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    **ODELL PEOPLES, JR.**    (Via U.S. Mail and Certified Mail)
       102 Harriet Street 1st Floor
       Rankin, PA 15104

       **Mary E. Butler, Esquire**
       Email: legaldepartment@pacourts.us